## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## OWENSBORO DIVISION
## CIVIL ACTION NO. 4:22-CV-00065-JHM-HBB

**JOE A. BROWDER, Jr.**                                                                                         **PLAINTIFF**

**VS.**

**HOPKINS COUNTY, KY, et al.**                                                                           **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Before the Court is the motion of Plaintiff to compel discovery and production of documents from Defendants Hopkins County, Ky., and Mike Lewis at DN 33. Defendants have filed a response at DN 34, and Plaintiff has filed a reply at DN 38.

Plaintiff's motion asserts that he served written discovery requests on the Defendants on July 6, 2022, and the Defendants had not provided responses to the discovery requests (DN 33, p. 1). The Defendants stated in their Response to Plaintiff's motion that it was rendered moot because they had sent the Plaintiff responses to the discovery requests on August 19, 2022 (DN 34, p. 1). Having received the Defendants' responses to the discovery requests, the Plaintiff asserts that some of the responses are deficient.

1. Address for Dr. Scott Wilson

In discovery request to Hopkins County number 3, Plaintiff asked for "the office address of Dr. Scott Wilson, current medical provider of Hopkins County Jail, and employee of West Kentucky Correctional Healthcare" to which the Defendants responded, "Unknown to this Defendant." (DN 34-1, p. 2). The Plaintiff finds it incredible that the Defendants would not know Dr. Wilson's office address. However, the Defendants have made this representation in their discovery response and the Court must presume the response is truthful unless evidence is

presented to the contrary. "A party cannot be compelled to produce information that it does not possess." Burrell v. Duhon, No. 5:18-CV-00141-TBR-LLK, 2019 U.S. Dist. LEXIS 91426, at *15 (W.D. Ky. May 31, 2019).

2. Kiosk publication

In discovery request to Mike Lewis number 3, the Plaintiff requested a copy of the kiosk[1] publication "Hopkins County Jail Inmate Regulations" (DN 34-1, p. 2). In response, Lewis stated "A copy of the Hopkins County Jail Policy and Procedure Manual will be provided" (Id.). Plaintiff complains that the manual provided is not the document he requested in his discovery request. The Defendant shall supplement his response within ten days to either provide the regulations which the Plaintiff specified in his discovery request, verify that they are one-in-the-same or state that the requested regulations do not exist.

3. Illegible documents

Plaintiff's final complaint is that the print-out of his "grievance history" contains printing which overlaps other printing and renders it illegible (see DN 38-1 & 2). The Defendants shall supplement their response within ten days to provide legible copies of the documents.

**WHEREFORE**, the Plaintiff's motion to compel, DN 33 is **GRANTED IN PART** and **DENIED IN PART**, as set forth herein.

September 21, 2022

H. Brent Brennenstuhl
United States Magistrate Judge

Copies: Joe A. Browder, *pro se*
Counsel

---

[1] The Court understands that the jail utilizes a "kiosk" system of computer terminals whereby prisoners may access information.