UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**CIVIL ACTION NO. 4:22-CV-00065-JHM**

**JOE A. BROWDER, JR.**                                                                      **PLAINTIFF**

**V.**

**HOPKINS COUNTY,** *et al.*                                                            **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on motions to dismiss or for summary judgment by Defendants Scott Wilson, West Kentucky Correctional Healthcare, Whitley Adams, and Leigh Garrett [DN 87, DN 92, DN 93], as well as Plaintiff's motion for summary judgment and a trial date [DN 111]. Fully briefed, these motions are ripe for decision. For the following reasons, the Defendants' motions for summary judgment will be granted, and Plaintiff's motion for summary judgment and a trial date will be denied.

### I. BACKGROUND

Plaintiff Joe Browder ("Plaintiff") was held as a pretrial detainee at Hopkins County Jail from April 8 to June 13, 2022. [DN 51-1 at 2]. While he was in jail, he wished to continue taking a long list of medications that a Department of Veterans Affairs ("VA") doctor prescribed to him for various physical and mental ailments. [DN 1 at 4]. For example, Plaintiff suffers from glaucoma, for which he was prescribed eyedrops. [*Id.*]. A VA doctor had also recommended that Plaintiff get surgery to relieve back pain, and he wished to undergo that surgery while he was in jail. [*Id.*]. Plaintiff claims that he did not receive most of the medications on his prescription list. [*Id.* at 5, 8–9]. The jail's nurses—employees of Hopkins County Jail's private medical contractor, Defendant West Kentucky Correctional Healthcare ("WKCH")—allegedly advised Plaintiff that this was because the jail only provides inmates with life-sustaining medications, and WKCH's

medical professionals did not deem any of his prescriptions to be medically necessary to keep him alive. [*Id.* at 8; *see* DN 55 at 8]. According to Plaintiff, Defendants told him he could still get his medicine if his family or someone from the outside brought them to the jail for him. [DN 1 at 24; DN 6 at 6]. Plaintiff alleges that Defendants also informed him he would not be able to get the recommended back surgery unless his attorney asked a court to grant him medical leave; WKCH nurse Whitley Adams told him "don't wait until you come to jail to have surgery" and "we're not going to pay for it." [DN 1 at 8]. Plaintiff used the jail's grievance system to make several pleas to receive his requested medication and back surgery, but none of his requests were granted before he was released. [*See* DN 1; DN 6]. Plaintiff did, however, receive multiple medical visits and undergo procedures such as x-rays while in jail. [DN 1 at 24].

Plaintiff filed his complaint *pro se* on May 25, 2022, while he was still housed at Hopkins County Jail. [DN 1]. He named as defendants Hopkins County, Hopkins County Jailer Mike Lewis ("Jailer Lewis"), WKCH, Hopkins County Jail medical director Scott Wilson ("Dr. Wilson"), WKCH nurse Whitley Adams ("Nurse Adams"), and WKCH nurse Leigh Garrett ("Nurse Garrett"). [*Id.*]. The complaint contained both state-law claims and those involving deprivations of federal rights under color of state law, pursuant to 42 U.S.C. § 1983. [*Id.*]. He also filed an "amendment to complaints" a week before he was released, covering events that happened after he filed his initial complaint. [DN 6]. Plaintiff moved for summary judgment on all his claims on December 2, 2022, and Jailer Lewis, Hopkins County, and WKCH filed cross-motions for summary judgment. [DNs 50–52]. Dr. Wilson was not properly served until June 2023, [DN 75], and he moved for summary judgment shortly thereafter. [DN 76].

By Memorandum Opinion and Order entered August 11, 2023, the Court granted summary judgment in favor of Jailer Lewis and Hopkins County on all claims and terminated them from the

action. [DN 85]. Similarly, the Court granted summary judgment in favor of WKCH and Dr. Wilson on Plaintiff's federal claims. [*Id.*]. Because WKCH and Dr. Wilson did not move to dismiss Plaintiff's state law claims for violations of KRS § 441.045 and 501 KAR 7.140, the Court left those state law claims pending.

All remaining Defendants have now moved to dismiss or for summary judgment. [DN 87, DN 92, DN 93]. Plaintiff filed a response to the motions and a cross-motion for summary judgment and trial date. [DN 111].

## II. STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying the portion of the record that demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of

the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

The fact that a plaintiff is *pro se* does not lessen his obligations under Rule 56. "The liberal treatment of pro se pleadings does not require the lenient treatment of substantive law, and the liberal standards that apply at the pleading stage do not apply after a case has progressed to the summary judgment stage." *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010) (citations omitted). When opposing summary judgment, a party cannot rely on allegations or denials in unsworn filings, and a party's "status as a pro se litigant does not alter his duty on a summary judgment motion." *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010); *see also United States v. Brown*, 7 F. App'x 353, 354 (6th Cir. 2001) (affirming grant of summary judgment against a *pro se* plaintiff because he "failed to present any evidence to defeat the government's motion"). However, statements in a verified complaint that are based on personal knowledge may function as the equivalent of affidavit statements for purposes of summary judgment. *Weberg v. Franks*, 229 F.3d 514, 526 n.13 (6th Cir. 2000); *Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992).

### III. DISCUSSION

*A. Fourteenth Amendment Deliberate Indifference Claims*

Plaintiff argues that Nurses Adams and Garrett were deliberately indifferent to his serious medical needs by refusing to provide him medicine and medical treatment "already prescribed for [his] preexisting conditions" by the VA as discussed in more detail above. [DN 111 at 2; DN 6].

"Pretrial detainees have a right to adequate medical care under the Fourteenth Amendment. An officer violates that right if that officer shows deliberate indifference to [a pretrial detainee's] serious medical needs[.]" *Hyman v. Lewis*, 27 F.4th 1233, 1237 (6th Cir. 2022) (internal citations

4

and quotation marks omitted); *see Gist v. Trinity Services Group*, No. 3:22-CV-P270-CHB, 2023 WL 2531735, at *4 (W.D. Ky. Mar. 15, 2023). A pretrial detainee must satisfy two elements for a claim based on deliberate indifference to a medical need under the Fourteenth Amendment: (1) he "had a sufficiently serious medical need and (2) that each defendant acted deliberately (not accidentally), [and] also recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Helphenstine v. Lewis County*, 60 F.4th 305, 317 (6th Cir. 2023) (citing *Brawner v. Scott County*, 14 F.4th 585, 596 (6th Cir. 2021)) (internal quotation marks omitted). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Baynes v. Cleland*, 799 F.3d 600, 618 (6th Cir. 2015) (citing *Harrison v. Ash,* 539 F.3d 510, 518 (6th Cir. 2008)).

Where "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). "As to the second prong, it is important to note that *Brawner* did not change the principle that mere medical negligence, nor a disagreement between treater and patient as to the better course of treatment, does not equate to a constitutional violation[ ] under . . . the Fourteenth Amendment." *Vontz v. Hotaling*, No. 2:19-CV-12735, 2023 WL 2881350, at *6 (E.D. Mich. Mar. 6, 2023) (citing *Brawner*, 14 F.4th at 596); *see also Darby v. Greenman*, 14 F.4th 124, 129 (2d Cir. 2021) (holding, after the modification of the second prong of the Fourteenth Amendment's deliberate indifference standard in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), that "a difference of opinion about the proper course of treatment" does not demonstrate deliberate indifference).

5

Plaintiff has not put forth sufficient evidence to prove deliberate indifference. He has only submitted his prescription list obtained from the VA, a document recommending that he receive back surgery, a document showing that the nurses denied many of his prescriptions, and grievances filed with Hopkins County Jail. [DN 45-1; DN 50-1; DN 111-2]. Nothing in these filings allows the Court to infer that Nurse Adams or Nurse Garrett acted recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known'" by failing to administer all the medications on the VA list or to refer him to a surgeon for his back. *Brawner*, 18 F.4th at 596 (quoting *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)); *Helphenstine*, 60 F.4th at 317. In fact, Plaintiff submits no evidence of *any* risk to his health.

Additionally, the record reflects that Plaintiff received medical care while at the Hopkins County Jail. Plaintiff was incarcerated for three months during which time an initial evaluation was performed, a medical appraisal was conducted, the medication form was reviewed after receipt from the VA, and Plaintiff was seen in response to sick calls. [DN 47-1; DN 51-3; DN 52-2]. While at the jail, Plaintiff received his blood pressure medicine, cholesterol medicine, and his aspirin. [DN 52-2]. Medical staff—Nurse Adams and APRN Robin Day—reviewed the other medication listed on the medication verification form and determined that it was "not indicated at this time." [*Id.* at 2; DN 51-3]. The record further reflects that Plaintiff's blood pressure was checked at least 17 times during his incarceration.

The medical staff's determination that Plaintiff did not need his other medication upon entry into the Hopkins County Jail or did not need to see a surgeon regarding back surgery essentially "amounts to one doctor's difference of opinion with another's about the proper course of treatment, which may give rise to a negligence claim, but negligence is not sufficient to meet the modified standard under *Brawner*." *Cook v. Daviess Cnty. Det. Ctr.*, No. 4:22-CV-P48-JHM,

6

2023 WL 8004874, at *8 (W.D. Ky. Nov. 17, 2023) (citing *Anderson v. Monroe Cnty. Corr. Facility*, No. 2:22-CV-4428, 2023 WL 3814001, at *2 (S.D. Ohio June 5, 2023) (medical provider's "failure to retain a specialist . . . fail[s] to state a deliberate indifference claim under the Fourteenth Amendment" because it indicates only negligence or medical malpractice which is insufficient under *Brawner*) (citing *Brawner*, 14 F.4th at 596); *see also Darby*, 14 F.4th at 129. Therefore, the Court finds that Nurses Adams and Garrett met their burden with regard to this claim and that Plaintiff has offered no admissible evidence to present a genuine issue of material fact. Nurses Adams and Garrett are, therefore, entitled to summary judgment on this claim.

### B. Fourteenth Amendment Equal-Protection Claim

Plaintiff claims that his right to equal protection was violated when Nurse Adams gave a white inmate Ibuprofen yet instructed Plaintiff to "purchase it off of commissary." [DN 111]. The Equal Protection Clause of the Fourteenth Amendment prohibits discrimination by government actors which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference. *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681–82 (6th Cir. 2011); *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005). The threshold element of an equal-protection claim is disparate treatment. *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006); *see also Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) ("To state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'"). An "equal protection" plaintiff must be similarly situated to his comparators "in all relevant aspects. . . ." *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992); *see also Umani v. Mich. Dep't of Corr.*, 432 F. App'x

453, 460 (6th Cir. 2011) (holding that to be a similarly-situated person, "the comparative [prisoner] 'must have dealt with the same [decisionmaker], have been subject to the same standards, and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or [the defendant's] treatment of them for it.'") (quoting *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir. 1998)).

Despite completion of discovery, Plaintiff failed to submit any evidence showing that he was treated differently than other similarly-situated pretrial detainees, *i.e.*, pretrial detainees suffering from similar chronic pain verses suffering from acute pain, such as a painful toothache or pain during recovery from surgery. *See, e.g.*, *Sprinkle v. Ali*, No. 7:13CV00267, 2014 WL 2450715, at *3 (W.D. Va. May 30, 2014).

C.  State Law Claims

Having dismissed Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over his state law claims. *See* 28 U.S.C. § 1367(c)(3) ("[D]istrict courts may decline to exercise supplemental jurisdiction over a claim" in situations when "the district court has dismissed all claims over which it has original jurisdiction."); *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966) (holding that "if the federal claims are dismissed before trial . . . the state claims should be dismissed as well."). Accordingly, the Court will dismiss Plaintiff's state-law claims without prejudice against all remaining Defendants.

IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** as follows:

(1)  Defendants Scott Wilson, West Kentucky Correctional Healthcare, Whitley Adams, and Leigh Garrett's motions for summary judgment [DN 87, DN 92, DN 93] are **GRANTED**. All

federal claims against all Defendants are dismissed with prejudice. Plaintiff's remaining state-law claims are dismissed without prejudice.

(2) Plaintiff's motion for summary judgment and for a trial date [DN 111] is **DENIED**.

(3) The Court will enter a Judgment consistent with this Memorandum Opinion and Order.

Date: February 21, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
Counsel of Record
4414.014